UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON GOODE,  :
    Plaintiff,  :
      :
v.  :    Case No. 3:17cv478(AVC)
      :
FARACI, ET AL.  :
    Defendants  :    June 15, 2017

### INITIAL REVIEW ORDER

On March 23, 2017, the plaintiff, Jason Goode, an inmate currently housed at Northern Correctional Institution in Somers, CT, filed a complaint pursuant to 42 U.S.C. § 1983, against Ms. Faraci and correctional officer Schwartz, both of whom are employees of the Department of Correction. Goode alleges that the defendants violated his First, Fourth, and Fourteenth Amendment rights by "knowingly eavesdropp[ing]" on his telephone conversation with his attorney at Cheshire Correctional. Goode is suing both defendants for monetary damages, in their individual capacities. On March 28, 2017, the court granted the plaintiff's motion to proceed in forma pauperis.

### FACTS

Examination of the complaint reveals the following facts.

On March 12, 2015, the plaintiff was transferred from Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, to Cheshire Correctional Institution. That same day, correctional officer Schwartz escorted Goode from the

segregation unit to the east block so that the plaintiff could use the telephone and call his attorney, Alan Neigher. When he arrived, Ms. Faraci dialed Attorney Neigher's number for the Goode and then handed him the phone receiver.

After speaking with his attorney for a few moments, Goode asked Faraci and Schwartz to leave the room so that he could have a private conversation with his attorney, but both defendants refused. The defendants continued to linger within listening range of the plaintiff's conversation. After the phone call, Ms. Faraci issued a disciplinary report against Goode, alleging that, during his phone call, he had threatened to injure a staff member at Cheshire Correctional. Goode alleges that he never made any such threat.

## STANDARD

Pursuant to 28 U.S.C. § 1915A, this court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly,

550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## DISCUSSION

Goode claims that the defendants' eavesdropping during his phone call with Attorney Neigher and subsequent disciplinary action violated his First, Fourth and Fourteenth Amendment rights because they interfered with his attorney-client privilege. This court is not aware of any constitutional claim arising from a state official's "interfere[nce] with . . . attorney-client privilege." Thus, the court will only analyze the plaintiff's allegations in the context of First, Fourth, and Fourteenth Amendment principles.

I. First Amendment

The only conceivable First Amendment claim that could arise from the facts in this case is a claim that the defendants denied him access to the courts. See Ramos v. Dep't of Corr.,

3

No. 15 Civ. 1444 (VAB), 2016 WL 740394, *2 (D. Conn. Feb. 24, 2016) (stating that prisoner claimed that Department of Correction counselor deprived him of access to courts by refusing to grant request for legal telephone call).

To state a claim for denial of access to the courts, the plaintiff must demonstrate that he suffered an actual injury as a result of the defendants' conduct. See Lewis v. Casey, 518 U.S. 343, 353 (1996). To establish an actual injury, plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. See Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997). Moreover, "the injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The underlying claim must involve a challenge to the conviction for which the prisoner was incarcerated, an action under 42 U.S.C. § 1983 to vindicate "basic constitutional rights," or some other form of challenge to the prisoner's sentence or conditions of confinement. See id. at 354-55.

Here, the plaintiff has not alleged if, and to what extent, the defendants' act of eavesdropping on his phone call interfered with his ability to pursue a viable legal claim. He

4

has not alleged whether he had other means of contacting Attorney Neigher. See Palmer v. Simple, No. 3:13 Civ. 226(SRU), 2013 WL 6178530, at *3 (D. Conn. Nov. 21, 2013) (holding that allegation that defendants refused to permit inmate to make legal telephone calls to attorney failed to state claim of denial of access to courts because inmate had other ways to communicate with attorney). He has also failed to state whether the interference prejudiced him in any way. See Monsky, 127 F.3d at 247 (stating that plaintiff must allege actual injury for denial of access claim); Rodriguez v. Ames, 224 F. Supp.2d 555, 566 (W.D.N.Y. 2002) (holding that prisoner can show no harm from counselor's presence during phone call with attorney). Thus, Goode has failed to state a First Amendment claim against the defendants.

II. Fourth Amendment

The Fourth Amendment protects against unreasonable searches and seizures, including the monitoring of oral statements. Katz v. United States, 389 U.S. 347, 353 (1967). The Fourth Amendment applies when the person has an actual or subjective expectation of privacy and that expectation is one that society recognizes as reasonable. Id. at 361. If those conditions are satisfied, then the court must determine whether the search or seizure at issue was reasonable. Id.

It is well-established that prisoners have limited, if any, reasonable expectations of privacy because of their confinement status. See Hudson v. Palmer, 468 U.S. 517, 524-30 (1984) (recognizing that loss of privacy is inherent incidence of confinement); United States v. Roy, 734 F.2d 108, 111 (2d Cir. 1984) (stating that legitimate privacy expectations "severely curtailed" during incarceration). The second circuit has held that prisoners have no reasonable expectation of privacy with respect to their calls to non-attorneys on institutional telephones. United States v. Willoughby, 860 F.2d 15, 20 (2d Cir. 1988); United States v. Amen, 831 F.2d 373, 379-80 (2d Cir. 1987). However, privileged communications between a person and his or her attorney remain protected from government eavesdropping, even though the conversation takes place in a prison. See Lonegan v. Hasty, 436 F. Supp. 2d 419, 435 (E.D.N.Y. 2006). That protection is guaranteed not only by the Fourth Amendment, but also by federal statute. Id.; see also 28 C.F.R. § 501.3(d) (authorizing auditory monitoring of meetings between prisoners and attorneys under limited circumstances).

Here, Goode alleges that the defendants eavesdropped on his phone conversation with his attorney. Specifically, he claims that the defendants lingered within listening range while he was on the phone and refused his request for them to leave the room

so that he could speak privately with his attorney. Based on these facts, the plaintiff has stated a plausible Fourth Amendment claim against the defendants.

III. Fourteenth Amendment

Goode has raised a substantive due process claim under the Fourteenth Amendment, against the defendants in conjunction with his Fourth Amendment claim for their act of eavesdropping on his phone call with his attorney. Because Goode's claim is covered by the Fourth Amendment protection against unreasonable searches and seizures, his substantive due process claim under the Fourteenth Amendment is duplicative and, therefore, subject to dismissal. See Graham v. Connor, 490 U.S. 386, 395 (1989) (holding that generalized notion of substantive due process under Fourteenth Amendment not applicable where other amendment provides explicit textual source of constitutional protection against alleged government conduct). Therefore, the plaintiff's Fourteenth Amendment claim is dismissed.

**ORDERS**

(1) The plaintiff's First and Fourteenth Amendment claims are **DISMISSED**. His Fourth Amendment claim may proceed against both defendants in their individual capacities.

(2) The clerk shall verify the current work addresses for

the defendants, Faraci and Schwartz, with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to each defendant at the confirmed address within **twenty-one (21) days** of this order, and report to the court on the status of the waiver request on the **thirty-fifth (35) day after mailing**. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on him or her, and the defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) The defendants shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them**. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the federal rules.

(4) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed **within six months (180 days) from the date of this order**. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed **within**

seven months (210 days) from the date of this order.

    **SO ORDERED** at Hartford, Connecticut this 15th day of June, 2017.

                                          _____/s/_____
                                          Alfred V. Covello
                                          United States District Judge