UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOODE, : | |
| plaintiff, : | |
| : | |
| v. : | Case No. 3:17-cv-478(AVC) |
| : | |
| FARACI, ET AL. : | |
| defendants. : | December 22, 2017 |

**RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT [Doc. #13]**

On March 23, 2017, the plaintiff, Jason Goode, an inmate currently housed at Northern Correctional Institution in Somers, CT, filed a complaint pursuant to 42 U.S.C. § 1983, against Ms. Faraci and correctional officer Schwartz, both of whom are employees of the Department of Correction.  On July 12, 2017, this court issued its initial review order dismissing his First and Fourteenth Amendment claims but permitting his Fourth Amendment claim to proceed against both defendants.  The defendants have not yet answered the complaint.

On August 1, 2017, Goode moved for leave to amend his complaint.  He seeks leave to make three amendments to his complaint:  (1) add a claim against both defendants for violating his rights under Article First, §§ 4 and 5 of the Connecticut Constitution;[1] (2) delete paragraph seventeen of the

---

[1] Article First, § 4 of the Connecticut Constitution provides that "[e]very citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty."  Article First, § 5 provides that

initial complaint (alleging violations of the First and Fourteenth Amendments to the United States Constitution); and (3) amend paragraph fifteen of the initial complaint to include an allegation that he lost good time credit as a result of the defendants' act of eavesdropping.  Id. at 1, 5.  The defendants have objected to Goode's motion, arguing that the court lacks jurisdiction over the state constitutional claim.  Thereafter, Goode filed a reply to the objection, arguing that his state constitutional claim should be allowed to proceed.  For the following reasons, Goode's motion for leave to amend is GRANTED, but the amended complaint [Doc. #13-1] is DISMISSED in part.

## I.   Motion for Leave to Amend

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading (i.e. answer or motion to dismiss), whichever is earlier.  See Fed. R. Civ. P. 15(a)(1)(A) and (B).  See O'Dell v. Bill, 13 Civ. 1275 (FJS/TWD), 2015 WL 710544, *44 (N.D.N.Y. Feb. 18, 2015).  In this case, the defendants have not yet filed a responsive pleading, and Goode filed his amended complaint one day after the defendants filed their waivers of service.  Thus,

---

"[n]o law shall ever be passed to curtail or restrain the liberty of speech."

regardless of whether Rule 15(a)(1)(A) or Rule 15(a)(1)(B) applies, Goode has the right to file an amended complaint, and this court must accept it.  See Coleman v. Rice, 14 Civ. 1469 (MAD/CFH), 2015 WL 401194, *2 n.1 (N.D.N.Y. Jan. 28, 2015) (stating that court must accept plaintiff's amended complaint because defendants have not yet filed responsive pleadings). Therefore, the court will GRANT Goode's motion for leave to amend his complaint [Doc.#13] and accept his amended complaint [Doc.#13-1].

**II.  Review of Amended Complaint**

Although the court must accept Goode's amended complaint under Rule 15(a)(1), it must also review the complaint and dismiss any portion of it that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Detailed allegations are not required, but the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Goode must plead "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570.

In this case, Goode seeks to add a claim that the defendants violated his rights under Article First, §§ 4 and 5 of the Connecticut Constitution. In Binette v. Sabo, 244 Conn. 23, 47 (1998), the Connecticut Supreme Court held that the Connecticut Constitution gives rise to a private cause of action under Article First, §§ 7 and 9, but that "does not mean that a constitutional cause of action exists for every violation of [the] state constitution." Thereafter, in Lopez v. Smiley, 375 F. Supp.2d 19, 26 (D. Conn. 2005), this court, relying on Binette, declined to exercise supplemental jurisdiction over claims of violations of Connecticut constitutional provisions, which the Connecticut courts have not held give rise to private causes of action. Other cases in this district have declined to entertain claims under Article First, §§ 4 and 5 for this very reason. See Doe v. Mastoloni, 14 Civ. 718 (CSH), 2016 WL 593439, *17-18 (D. Conn. Feb. 12, 2016); Marshall v. Town of Middlefield, 10 Civ. 1009 (JCH), 2012 WL 601783, *9 (D. Conn. Feb. 23, 2012); McKiernan v. Amento, 01 Civ. 453718S, 2003 WL 2233200, *4 (D. Conn. Oct. 2, 2003).

Goode relies on Pellot-Castellano v. Arnone, 14 Civ. 684 (AVC) and Baltas v. Chapdelaine, 17 Civ. 242 (RNC), cases which

4

he claims have entertained state constitutional claims for monetary relief.  In Pellot-Castellano, the plaintiff raised, and this court permitted, state law claims of assault, battery, and negligence, none of which are claims arising under the Connecticut Constitution.  In Baltas, the plaintiff did raise state constitutional claims, but the court has yet to conduct its initial review of the complaint, and the defendants have not yet filed a responsive pleading.  Thus, neither one of these cases support Goode's position that this court can exercise supplemental jurisdiction over his state constitutional claims.

Based on the foregoing precedent, Goode's claims that the defendants violated his rights under Article First, §§ 4 and 5 of the Connecticut Constitution are hereby DISMISSED.  The court accepts Goode's other two proposed amendments – deleting paragraph 17 of the initial complaint and amending paragraph fifteen to include an allegation of loss of good time credit – as part of the amended complaint.

## ORDERS

(1)  Goode's motion for leave to amend his complaint [Doc. #13] is GRANTED.  Goode's claim that the defendants violated Article First, §§ 4 and 5 of the Connecticut Constitution is DISMISSED.

(2)  The defendants shall file their response to the

amended complaint [Doc. #13-1], either an answer or motion to dismiss, within **sixty (60) days** from the date of this order.

   (3)  Goode's motion for a thirty-day extension of time to complete discovery [Doc. #18] is DISMISSED as moot.  Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this order.  Discovery requests need not be filed with the court.

   (4)  All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

   **SO ORDERED** at Hartford, Connecticut this 2nd day of January, 2018.

                            _____/s/_____
                            Alfred V. Covello
                            United States District Judge